ATLANTIC SHIPPERS OF TEXAS, INC., Appellant,

v.

JEFFERSON COUNTY, Texas, Appellee.

No. 09–10–00511–CV.

Court of Appeals of Texas, Beaumont.

Submitted Aug. 30, 2011.

Decided March 8, 2012.

Richard L. Coffman, The Coffman Law Firm, Beaumont, for appellant.

F. Duane Force, Linebarger Goddan Blair & Sampson, LLP, Austin, for appellee.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

Following a summary judgment hearing, Jefferson County obtained a money judgment against Atlantic Shippers of Texas, Inc. (Atlantic), recovering delinquent property taxes, along with accrued penalties, interest, and costs. In ten appellate issues, Atlantic contends the trial court erred by granting Jefferson County's cross-motion for summary judgment and denying its summary judgment motion. After reviewing the summary judgment evidence before the trial court, we affirm the trial court's judgment in part; but, having concluded that the evidence is insufficient to support the trial court's award of attorney ad litem fees, we reverse the judgment with respect to the amount the trial court awarded in attorney ad litem fees, and we remand the cause to the trial court for further proceedings consistent with this opinion.

### Background

Atlantic's facility, known as the Atlantic Terminal, was damaged by a tropical storm in 2004 and by Hurricane Rita in 2005. In October 2005, Atlantic's president, Robert Pastore, sent a letter to the Jefferson County Appraisal District, notifying the District that Atlantic's facility had suffered serious damages, and requesting the Appraisal District's assistance in reducing Atlantic's property taxes. The Appraisal District responded, informing Atlantic that the Atlantic Terminal's appraisal value was based on the property's market value as of January 1 of each tax year, but promising to "review your property to assess any damage effective January 1, 2006." In February 2006, after receiving Atlantic's tax bill which did not reflect any adjustments, Pastore sent a follow-up letter to the Appraisal District. In that letter, Pastore stated that he was disappointed that Atlantic's tax bill did not reflect any adjustment, and he included a disk containing digital images showing that the Atlantic Terminal had suffered storm related damage. Pastore requested the Appraisal District to contact him and advise how it should proceed.[1]

By July 2006, after Atlantic's 2005 tax bill was several months overdue, Atlantic received a letter from Jefferson County's counsel, the Linebarger Firm, demanding payment of Atlantic's 2005 tax bill, together with accrued penalties and interest. In response to the July 2006 letter, Pastore contacted the Linebarger Firm. According to Pastore, the firm's paralegal informed him that the firm would not proceed with its collection efforts on Atlantic's 2005 taxes pending Atlantic's further discussions with the Appraisal District. While Atlantic disputes that the County complied with its promise to conduct further discussions regarding Atlantic's payment of property

---

1. Atlantic did not contend in the trial court, nor does it contend on appeal, that Pastore's October 2005 and February 2006 letters to the Appraisal District constituted notices of protest, or that based on these letters, Atlantic should have received hearings before the Appraisal Review Board. *See* Act of May 25, 2007, 80th Leg., R.S., ch. 1106, §§ 4(b), 5, 2007 Tex. Gen. Laws 3738, 3739–740 (amended 2011) (current version at Tex. Tax Code Ann. § 41.44 (West Supp. 2011)); Tex. Tax Code Ann. § 41.45 (West Supp. 2011) (Although the Legislature amended this section after the tax years at issue, we cite to the current version of the statute because subsequent amendments do not affect the outcome of this appeal.).

taxes, and contends that Atlantic raised fact issues on its claim of estoppel, Atlantic and the County failed to reach an agreement to resolve their dispute, which resulted in the parties seeking a resolution in court.

In 2007, the County filed suit, and Atlantic answered. In its original petition, the County sought to recover taxes, penalties, interest, and costs related to Atlantic's failure to pay taxes. *See* Tex. Tax Code Ann. § 33.41 (West 2008). In addition, the County sought to foreclose on its tax lien. Atlantic's answer asserts several affirmative defenses, including equitable estoppel. Atlantic also asserted counter-claims, which generally outline Atlantic's complaints about the County's failure to adjust Atlantic's appraisals and the County's collection efforts. At various times, before the lawsuit was filed and while the lawsuit was pending, the Appraisal District reduced the appraised values on the Atlantic Terminal for tax years 2005, 2006, and 2007 in corrected tax bills, which in turn reduced Atlantic's tax obligation for each of the years at issue. Nevertheless, the County continued to seek penalties and interest for each respective tax year that Atlantic's taxes were not paid before February 1, claiming penalties and interest on the County's respective corrected tax assessments.

In 2010, Atlantic moved for summary judgment, and the County filed a cross-motion, asking the trial court to grant a summary judgment in its favor. During the summary judgment proceedings, Atlantic did not dispute that it had failed to protest the Appraisal District's 2005, 2006, and 2007 property tax appraisals. *See* Tex. Tax Code Ann. §§ 41.41 (providing for property owner's right to protest with Appraisal Review Board), 42.09 (providing that the procedures for adjudicating grounds of protest are an exclusive remedy) (West 2008); Act of May 25, 2007, 80th Leg., R.S., ch. 1106, §§ 4(b), 5, 2007 Tex. Gen. Laws 3738, 3739–740 (amended 2011)[2] (providing that property owner must file a written notice of protest with the Appraisal Review Board); Act of June 1, 1997, 75th Leg., R.S., ch. 1039, § 41, Tex. Gen. Laws 3396, 3916 (amended 2011)[3] (providing right to appeal order of Appraisal Review Board). With respect to Atlantic's motion for summary judgment, Atlantic asserts that it timely paid its property taxes for the years at issue after receiving adjusted tax statements, and its motion argues the County was not entitled to recover penalties or interest. In contrast, the County's motion for summary judgment argues that Atlantic's failure to follow the procedures of Chapter 41 of the Texas Tax Code, requiring the filing and appeal of tax protests, allowed Atlantic's taxes to become delinquent. According to the County, to avoid paying penalties and interest, Atlantic should have paid the taxes and then sought a refund.

The County's summary judgment evidence includes, among other things, two affidavits by Susie James, the Chief Deputy of the Jefferson County Tax Assessor–Collector's Office, and authenticated copies of tax records showing the adjusted taxes, penalties, and interest Atlantic was assessed for tax years 2005, 2006, and 2007. James's affidavit and attachments reflect that the County credited Atlantic with partial payments of taxes, penalties, and interest for the tax years at issue, and the County refused Atlantic's request to credit

2. Current version at Tex. Tax Code Ann. § 41.44 (West Supp. 2011) (2011 amendment effective for tax year beginning January 1, 2012).

3. Current version at Tex. Tax Code Ann. § 42.01 (West Supp. 2011) (2011 amendment effective for tax year beginning January 1, 2012).

Atlantic with having paid its taxes in full for the years in issue. In granting the County's motion for summary judgment, the trial court awarded the County taxes, penalties, and interest based on the corrected tax statements the County sent to Atlantic. The trial court also implicitly rejected Atlantic's argument that the County should have credited Atlantic with having paid its tax obligations for each respective year in full.

### Standard of Review

We review a summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding,* 289 S.W.3d 844, 848 (Tex.2009). We consider the evidence presented in the summary judgment proceedings in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Id.; see City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex.2005). In reviewing the summary judgment evidence, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *See City of Keller,* 168 S.W.3d at 824; *Joe v. Two Thirty Nine Joint Venture,* 145 S.W.3d 150, 157 (Tex.2004).

The party filing a traditional motion for summary judgment has the burden to show that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Mann Frankfort,* 289 S.W.3d at 848. Generally, a defendant is required to conclusively negate at least one essential element of each of the plaintiff's causes of action or to conclusively establish each element of an affirmative defense to succeed on a traditional motion for summary judgment. *Sci. Spectrum, Inc. v. Martinez,* 941

S.W.2d 910, 911 (Tex.1997). "Evidence is conclusive only if reasonable people could not differ in their conclusions...." *City of Keller,* 168 S.W.3d at 816. Once the party moving for summary judgment has established its right to summary judgment as a matter of law, the nonmovant must present evidence raising a genuine issue of material fact to avoid the motion being granted. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678–79 (Tex.1979).

With respect to no-evidence motions, the motion:

> must be granted if: (1) the moving party asserts that there is no evidence of one or more specified elements of a claim or defense on which the adverse party would have the burden of proof at trial; and (2) the respondent produces no summary judgment evidence raising a genuine issue of material fact on those elements.

*Sudan v. Sudan,* 199 S.W.3d 291, 292 (Tex. 2006); *see also* Tex.R. Civ. P. 166a(i). We apply the no-evidence standard to that part of Atlantic's motion that it designated as a no-evidence motion.

When both sides have moved for summary judgment and the trial court has granted one motion and has denied the other, the summary judgment evidence submitted by both sides is reviewed to determine the questions presented on appeal. *Mann Frankfort,* 289 S.W.3d at 848. In cases involving the trial court's rulings on cross-motions for summary judgment, the reviewing court should render the judgment that the trial court should have rendered. *Id.*

### Award of Delinquent Taxes, Penalties, and Interest

In issue one, Atlantic challenges the trial court's calculation of the taxes,

penalties, and interest on which the judgment is based. According to Atlantic, once the Appraisal District properly valued the Atlantic Terminal and sent Atlantic corrected tax statements, Atlantic timely paid its tax obligation; consequently, Atlantic claims that it did not incur any penalties or interest.

Resolving issue one requires that we resolve whether the County could refuse Atlantic's request to apply its payments solely to its tax obligation without considering penalties or interest. When Atlantic tendered payment, the record reflects that Atlantic's attorney requested that the County apply Atlantic's payment "as payment of the taxes due in the above three accounts for [tax years 2005, 2006, and 2007]." The record reflects that the County did not comply with Atlantic's request, and instead applied Atlantic's tendered payments pro rata to taxes, penalties, and interest. Atlantic contends that, had the County complied with its request to credit it with having paid its taxes in full, it would not have continued to accrue additional penalties and interest. Additionally, Atlantic contends that the Appraisal District promised to re-appraise Atlantic's property, but did not timely do so; based on that unfulfilled promise, together with Atlantic's prompt payments after receiving corrected tax bills, Atlantic concludes that its tax accounts should not be considered as having been delinquent.

First, we address Atlantic's claim that the County failed to apply Atlantic's payments in the manner that Atlantic instructed. Atlantic's argument fails to properly consider all of the applicable provisions of the Tax Code, which prohibit a taxpayer from making restricted or conditional payments of delinquent taxes, penalties, and interest. *See* Tex. Tax Code. Ann. § 33.10 (West 2008). Specifically, section 33.10 states:

Unless the restriction or condition is authorized by this title, a restriction or condition placed on a check in payment of delinquent taxes by the maker that purports to limit the amount of delinquent taxes owed to an amount less than that stated in the applicable delinquent tax roll, or a restriction or condition placed on a check in payment of penalties and interest on delinquent taxes by the maker that purports to limit the amount of the penalties and interest to an amount less than the amount of penalties and interest accrued on the delinquent taxes, is void.

*Id.* Although Atlantic instructed the County to apply Atlantic's payments for the years at issue solely to its taxes, section 33.10 does not allow Atlantic to control the manner in which the County applied Atlantic's payments to Atlantic's past tax, penalty and interest. *See Reinmiller v. County of Dallas,* 212 S.W.3d 835, 837–38 (Tex. App.-Eastland 2006, pet. denied) (holding that section 31.073 of the Tax Code does not allow a taxpayer to direct his tax payments be applied to taxes to the exclusion of penalties and interest); *see also* Tex. Tax Code. Ann. § 31.073 (West 2008) (Restricted or Conditional Payments Prohibited). Because the Tax Code rendered Atlantic's conditions void, we conclude that the County did not improperly allocate Atlantic's payments by refusing Atlantic's instructions about how to credit its payments to its delinquent tax accounts.

■ Second, we resolve whether the County, as a matter of law, has shown that each of Atlantic's payments for the tax years at issue were untimely, causing Atlantic to incur penalties and interest. According to the County, Atlantic could have avoided penalties and interest by paying the original billed tax amounts. Then, following any corrections, Atlantic would have been entitled to seek a refund. *See*

Tex. Tax Code. Ann. § 26.15(f) (West 2008); *Galveston Indep. Sch. Dist. v. Heartland Fed. Sav. & Loan Ass'n,* 159 B.R. 198, 207 (Bankr.S.D.Tex.1993) ("In Texas, a taxpayer can abate penalties while the resolution of a tax dispute is pending in only one way: pay (or at least offer to pay) the full amount of tax actually due."); *see also Richardson Indep. Sch. Dist. v. GE Capital Corp.,* 58 S.W.3d 290, 294–95 (Tex.App.-Dallas 2001, no pet.) ("By changing the amount of tax owed, the corrected tax bill changes the amount of tax on which delinquency penalties are assessed; however, it does not purport to eliminate the property owner's liability for penalties from the failure to pay the original tax bill.").

The Tax Code requires that taxpayers pay taxes before February 1 of the following year, so Atlantic's 2005 taxes were due before February 1, 2006. *See* Tex. Tax. Code Ann. § 31.02(a) (West 2008). Its 2006 and 2007 taxes were due on February 1 of 2007 and 2008, respectfully. *Id.* While Atlantic delayed payment in anticipation that it would receive corrected tax bills for each of the tax years at issue, it failed to timely protest or otherwise comply with the Tax Code procedures to contest the tax assessments that were at issue. Under the Tax Code, taxes are due on receipt, and are delinquent if not paid before February 1. *Id.* The Tax Code further provides that a delinquent tax incurs statutory penalties and accrues interest. *Id.* § 33.01 (West 2008). Significantly, having failed to file protests, Atlantic's defenses, by statute, are limited to proving that it did not own the property on which the tax was imposed, or proving that the property at issue was not located within the boundaries of the taxing district. *See id.* Having failed to file and perfect appeals from its 2005–2007 tax assessments, Atlantic was limited to those two defenses in the trial court; but Atlantic asserted neither in

defense to the County's suit. *See id.* § 42.09 (West 2008) (Remedies Exclusive).

With respect to the tax years at issue, we conclude the summary judgment evidence establishes, as a matter of law, that Atlantic failed to pay its taxes by the statutory deadlines. We further conclude that the exclusive remedies provision of the Tax Code deprives Atlantic of the equitable defenses it asserted in an effort to avoid the trial court's granting the County's motion. *See id.* We hold the trial court correctly concluded that Atlantic, as a matter of law, owed penalties and interest on tax years 2005, 2006, and 2007.

■ Third, Atlantic raises an additional complaint regarding the amount of the judgment. Atlantic contends that the judgment improperly awards attorney's fees for the efforts of the Linebarger Firm in collecting the taxes, penalties, and interest at issue. The trial court's judgment awards a penalty in lieu of fees as allowed by section 33.07 of the Tax Code. *Id.* § 33.07 (West 2008) (Additional Penalty for Collection Costs for Taxes Due Before June 1); *see also id.* § 6.30 (West 2008) (providing that the governing body of a taxing unit may contract with an attorney to represent the unit to enforce the collection of delinquent taxes). Section 33.07(c) states that "[i]f a penalty is imposed pursuant to this section, a taxing unit may not recover attorney's fees in a suit to collect delinquent taxes subject to the penalty." *Id.* § 33.07(c). Thus, the trial court's judgment, with respect to the Linebarger Firm's efforts, awards a penalty provided by statute in lieu of attorney's fees. The judgment does not award attorney's fees to the Linebarger Firm. We conclude that Atlantic's argument concerning the attorney's fees attributable to the Linebarger Firm's collection efforts is without merit.

In summary, the record before the trial court includes authenticated copies of delinquent tax records that show the amounts Atlantic owes for taxes, penalties, and interest. The certified copies of the County's tax records constitute prima facie evidence of the amounts Atlantic owes. *See* Tex. Tax Code Ann. § 33.47(a) (West 2008); *Aldine Indep. Sch. Dist. v. Ogg*, 122 S.W.3d 257, 264 (Tex.App.-Houston [1st Dist.] 2003, no pet.). Having met its initial summary judgment burden, the burden shifted to Atlantic to introduce competent evidence raising a defense to the County's claim, presumably one of the two defenses available under section 42.09 of the Tax Code. *See* Tex. Tax Code Ann. § 42.09. However, the defenses Atlantic asserted to the County's collection suit are not among the statutory defenses available to a taxpayer who failed to file timely protests. *See id.* We conclude that the County demonstrated that there were no genuine issues of material fact, and the trial court properly concluded that the County was entitled to recover judgment in an amount representing Atlantic's delinquent taxes, penalties, and interest. *See* Tex.R. Civ. P. 166(a)(c); *Mann Frankfort*, 289 S.W.3d at 848. We overrule issue one.

### Objections to Summary Judgment Evidence

In issue two, Atlantic argues the trial court erred by making implicit rulings on each party's objections to the summary judgment evidence. Atlantic contends the trial court should have sustained its objections, and that it should have overruled the County's objections to certain portions of the summary judgment evidence. However, the record shows that neither Atlantic nor the County obtained rulings on their respective objections to the summary judgment evidence.

"Generally, a party is required to obtain an express ruling on its objections to summary judgment evidence." *Pink v. Goodyear Tire & Rubber Co.*, 324 S.W.3d 290, 300 (Tex.App.-Beaumont 2010, pet. dism'd). "[A] trial court's ruling on an objection to summary judgment evidence is not implicit in its ruling on the motion for summary judgment; a ruling on the objection is simply not 'capable of being understood' from the ruling on the motion for summary judgment." *Well Solutions, Inc. v. Stafford*, 32 S.W.3d 313, 317 (Tex. App.-San Antonio 2000, no pet.). Because the parties did not obtain express rulings on their respective objections, Atlantic's second issue is not preserved for review on appeal. *See* Tex.R.App. P. 33.1(a). We overrule issue two.

### Constitutional Claims

In issues three and four, Atlantic contends the trial court erred in rendering a summary judgment on its takings and equal protections claims. *See* Tex. Const. art. I, §§ 3, 17, 19; art. VIII, §§ 1, 2. Atlantic's argument is premised on the County's refusal to correct alleged errors which relate to the square footage the Appraisal District used to calculate the value of Atlantic's buildings. The Texas Tax Code provides a detailed administrative procedure to resolve property tax disputes, and those procedures are exclusive. *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex.2006); *see* Tex. Tax Code Ann. § 42.09. Atlantic's claim that the County calculated the taxes based on the wrong footage, which it couches as constitutional claims, are foreclosed by Atlantic's failure to exhaust the administrative remedies it was provided under the Tax Code. *See* Tex. Tax Code Ann. § 42.09(a)(1). Because Atlantic did not file a protest, the trial court did not err in rejecting Atlantic's constitutional claims. *See id.* §§ 41.41, 42.09(a)(1) (requiring tax-

payer to exhaust its administrative remedies under Chapter 41 of the Tax Code with respect to the appraisal amounts).

Based on the summary judgment evidence, we hold the trial court could properly find Atlantic delinquent in its tax payments for the years at issue. *See id.* § 31.02(a). Because the County has a statutory right to sue for delinquent taxes, and as Atlantic has not specifically challenged the constitutionality of the legislatively created payment deadline for the payment of property taxes, the trial court did not err in granting summary judgment on Atlantic's takings and equal protection claims. We overrule issues three and four.

### Failure to Correct Tax Roll

In issues five and six, Atlantic argues that the County used the wrong delinquency dates for calculating penalties and interest on its tax obligation. Atlantic argues that the County, in calculating penalties and interest, should have used the date the appraiser issued corrected tax statements as its deadline for payment. According to Atlantic, section 25.25 of the Tax Code required the appraiser to change the appraisal roll, to correct its records, and the taxpayer's timely payment of the corrected tax prevents the taxes from becoming delinquent. *See* Act of May, 1997, 75th Leg., R.S., ch. 177, § 1, Tex. Gen. Laws 1031, 1032 (amended 2011) (Correction of Appraisal Roll) (current version at Tex. Tax Code Ann. § 25.25 (West Supp. 2011)).

In the trial court, the County argued that section 25.25 does not alter the delinquency date established by section 31.02 of the Tax Code. *See id.* § 31.02. Based on the language of section 25.25, we conclude that sending a corrected tax statement does not alter the delinquency date calculation provided by section 31.02. *See Richardson Indep. Sch. Dist.*, 58 S.W.3d at 294–95 ("[N]othing in the tax code postpones the delinquency date of a tax bill while the property owner disputes the appraised value of its property with the appraisal district under section 25.25(c)(3)."). Because Atlantic failed to pay taxes before the following February 1 of the tax years at issue, its taxes were delinquent and it became subject to the statutory penalties and interest provided by the Tax Code. *See* Tex. Tax Code Ann. § 33.01(a), (c). We hold that the provisions of section 25.25 do not operate to postpone Atlantic's delinquency dates where it failed to pay its tax assessments before the following February 1 of the tax years in question. We overrule issues five and six.

### Attorney Ad Litem Fee

In issue nine, Atlantic contends that the court awarded an unreasonable attorney ad litem fee. Jefferson County argues that Atlantic failed to preserve this complaint for appellate review. *See* Tex.R.App. P. 33.1. However, the record shows that Atlantic filed a motion for new trial complaining of the attorney ad litem fee award. Even had Atlantic not preserved its complaint that the trial court's award was excessive, such a complaint can be raised for the first time on appeal. *See* Tex.R.App. P. 33.1(d) (allowing legal and factual insufficiency complaints in nonjury cases, including complaints that damages are excessive, to be made for the first time on appeal). We conclude that Atlantic is entitled to have its complaint concerning the amount of the attorney ad litem fee reviewed on appeal.

The record shows that, at the County's request, the trial court appointed an attorney ad litem to represent the interest of Ground Round Restaurants, Inc. FKA International Proteins Corp. (Ground Round), a defendant who was served by

publication. Rule 244 of the Texas Rules of Civil Procedure provides:

> Where service has been made by publication, and no answer has been filed nor appearance entered within the prescribed time, the court shall appoint an attorney to defend the suit in behalf of the defendant, and judgment shall be rendered as in other cases; but, in every such case a statement of the evidence, approved and signed by the judge, shall be filed with the papers of the cause as a part of the record thereof. The court shall allow such attorney a reasonable fee for his services, to be taxed as part of the costs.

Tex.R. Civ. P. 244.

An attorney appointed by the trial court to act as an ad litem for Ground Round answered on its behalf and requested an award of a reasonable attorney ad litem fee. While the parties did not provide the trial court with testimony or affidavits regarding the reasonableness of the attorney ad litem award, the attorney ad litem did sign a document that is titled "Statement of Evidence." With respect to attorney ad litem fees, the Statement of Evidence recites: "The Court awarded the sum of $2500.00 to the Attorney Ad Litem who filed an answer on behalf of the Defendant [Ground Round], and the Court rendered judgment in favor of the Plaintiff JEFFERSON COUNTY as more fully appears in said judgment duly entered in the minutes of the Court." The Statement of Evidence bears the approval and signatures of the County's attorney, the attorney ad litem, and the trial court. However, the Statement of Evidence does not represent that the amount of $2500 would be a reasonable fee for the attorney ad litem's time and effort, nor does it provide any detail to support the fee award. We also note that the Statement of Evidence was not signed by Atlantic.

On appeal, Atlantic contends that the summary judgment evidence does not support an award of $2500 in attorney fees to the ad litem. In reviewing the fee awarded to the attorney ad litem, the standard of review requires that we allow the trial court to exercise discretion in awarding fees, and a reviewing court will not overturn a fee award absent evidence showing a clear abuse of discretion. *Garza v. Slaughter*, 331 S.W.3d 43, 45 (Tex.App.-Houston [14th Dist.] 2010, no pet.) However, the trial court's discretion in awarding an ad litem fee is not without limit; in general, the same factors used to determine the reasonableness of attorney's fees are controlling. *Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 794 (Tex.1987). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles of law. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985).

In determining the reasonableness of attorney's fees, courts consider the following factors: (1) the time and labor involved, (2) the nature and complexities of the case, (3) the amount of money or the value of the property or interest involved, (4) the extent of the responsibilities assumed by the attorney, (5) whether other employment is lost by the attorney because of the undertaking, (6) the benefits resulting to the client from the services, (7) the contingency or certainty of compensation, and (8) whether the employment is casual or for an established or constant client. *Alford v. Whaley*, 794 S.W.2d 920, 925 (Tex.App.-Houston [1st Dist.] 1990, no writ). However, in this case, no summary judgment evidence established the amount of time the attorney expended to represent Ground Round or what he usually charged per hour. Here, there were no affidavits nor was there any testimony before the

trial court addressing any of the *Alford* factors.

We conclude that the summary judgment evidence does not support an award of $2500 in attorney ad litem fees; nevertheless, the record shows that the attorney ad litem did perform some services, and Rule 244 requires the trial court to award a reasonable fee. *See* Tex.R. Civ. P. 244. We hold the trial court erred in granting the attorney ad litem an award of $2500. We sustain Atlantic's ninth issue, and reverse that portion of the trial court's judgment concerning the award of attorney's fees.

#### Summary

We need not consider issues seven, eight, and ten, argued by Atlantic in its brief. In its reply brief, Atlantic withdrew these issues from our review. *See* Tex. R.App. P. 47.1. Having overruled Atlantic's issues one through six, we affirm the trial court's award of damages to Jefferson County. Having sustained Atlantic's ninth issue, we reverse the trial court's award of attorney ad litem fees, and we remand the cause to the trial court to allow the trial court to conduct further proceedings regarding an award of attorney ad litem fees.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.