**TOMBALL INDEPENDENT SCHOOL DISTRICT, Appellant**

v.

**MUSTANG MACHINERY COMPANY LTD. d/b/a Mustang Cat Manufacturing, Appellee**

**NO. 01–15–01035–CV**

Court of Appeals of Texas, Houston (1st Dist.).

Opinion issued June 16, 2016

Robert A. Mott, Leslie M. Schkade, Perdue, Brandon, Fielder, Collins & Mott, L.L.P., Houston, TX, for Appellant.

Daniel F. Shank, Angela A.L. Connor, Coats Rose, P.C., Houston, TX, for Appellee.

Panel consists of Justices Keyes, Brown, and Huddle.

## OPINION

Harvey Brown, Justice

For the 2012 tax year, Mustang had two accounts with the Harris County Appraisal District: account number 101XXXX, which we will refer to as the business property account, and account number 205XXXX, which we will refer to as the dealer account. After paying the full amount of the originally-assessed taxes on its business property account, it filed a motion for correction—which the Appraisal District approved—requesting that (1) certain inventory be transferred from the business property account to the dealer account and (2) the value of the inventory transferred to the dealer account be increased by an additional approximately $1.7 million.

Tomball Independent School District argues that Mustang owes penalty and interest on both the originally-appraised value of the transferred inventory and on the additional $1.7 million in value. We affirm the trial court's order granting summary judgment for Mustang that it does not owe penalties and interest for the transferred amount, reverse the trial court's order that it does not owe penalty and interest for the $1.7 million in increased value of its inventory, and remand for calculation of the penalties and interest Mustang owes on that increased valuation.

## Background

Mustang is a distributor of Caterpillar equipment in Texas. It has two accounts with the Harris County Appraisal District, which assesses taxes for the School District: one for business property and another for inventory.

The Appraisal District's original tax statements assessed about $307,000 in taxes for Mustang's business property account and about $105,000 for its dealer account. Mustang paid the full tax bill for the business property account.

It did not, however, pay any of the taxes on the dealer account. Instead, Mustang filed a correction motion under Section 25.25(c) of the Tax Code requesting to transfer property previously listed as taxable under the business property account to the dealer account to be taxed there.[1] That motion also indicated that the total value of the property to be transferred was about $1.7 million more than originally

---

1. The School District does not argue that Mustang did not timely pay the taxes on the remaining $200,000 of property in the business property account.

assessed. The Appraisal District granted Mustang's request.

The School District then issued a refund of slightly more than $300,000 for taxes paid on the business property account. Shortly thereafter, it mailed Mustang a new invoice for over $393,000 in taxes for the dealer account.

Mustang contested the new invoice. It argued that the invoice incorrectly included about $86,000 in penalties and interest as if Mustang did not timely pay over $300,000 for the originally-appraised amount of the property *and* did not pay taxes on the additional $1.7 million in value.

The School District sued Mustang to recover the unpaid penalties and interest. A tax master recommended a take-nothing judgment in favor of Mustang.

The School District appealed the tax master's decision for a de novo review in the district court. Both the School District and Mustang filed summary judgment motions. After a hearing, the district court granted Mustang's summary judgment motion. The School District appeals the order granting that motion.

### Statutory Language

Mustang obtained summary judgment that it owes no penalties or interest on either of its accounts. The School District argues that penalties and interest are due both on the value of the inventory transferred from the business property account to the dealer account and on the $1.7 million in additional value assessed on that same property.

---

**2.** Two other sections of the Tax Code, which are not at issue, also allow changes to the appraisal tax roll. *See* TEX. TAX CODE ANN. § 41 (West 2015); *id.* § 26.15(c) (West Supp. 2015).

## A. Standard of review

■ We review a trial court's judgment granting a summary judgment motion de novo. *Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 862 (Tex.2010). If the trial court does not specify the reasons it granted the summary judgment motion, we will affirm the trial court's judgment if any of the grounds are meritorious. *Beverick v. Koch Power, Inc.,* 186 S.W.3d 145, 148 (Tex.App.–Houston [1st Dist.] 2005, pet. denied).

We review statutory interpretation questions de novo. *Molinet v. Kimbrell,* 356 S.W.3d 407, 411 (Tex.2011). When construing a statute, our primary goal is to give effect to the Legislature's intent. *Marcus Cable Assocs., L.P. v. Krohn,* 90 S.W.3d 697, 705–06 (Tex.2002). To determine that intent, we begin by looking at the plain text of the statute. *Id.* We consider a statute as a whole and attempt to give effect to all of its provisions. *Id.; see also* TEX. GOV'T CODE ANN. § 311.021 (West 2013).

## B. Statutory background

■ A property owner must self-report the value of its inventory. *See* TEX. TAX CODE ANN. § 22.01(a)(3) (West 2015) ("if the property is inventory," taxpayer must provide "a description of each type of inventory and a general estimate of the quantity of each type of inventory"). The Appraisal District relies, in part, on that self-reporting to determine the tax that the property owner owes. *See id.* Section 25.25(c) of the Tax Code allows a taxpayer to request a change to the appraisal tax roll in certain limited circumstances.[2] Section 25.25 reads:

> Mustang relies on Section 26.15 but that section does not apply because Mustang filed its correction motion under Section 25.25, not Section 26.15. Section 26.15 addresses changes to the appraisal roll to

The appraisal review board, on motion of the chief appraiser or of a property owner, may direct by written order changes in the appraisal roll for any of the five preceding years to correct:

(1) clerical errors that affect a property owner's liability for a tax imposed in that tax year;

(2) multiple appraisals of a property in that tax year;

(3) the inclusion of property that does not exist in the form or at the location described in the appraisal roll; or

(4) an error in which property is shown as owned by a person who did not own the property on January 1 of that tax year.

*Id.* § 25.25(c) (West 2015). This section only allows changes "based on an objective, factual determination" when "the payment of taxes based on the uncorrected [tax] records would be fundamentally unfair." *Bauer–Pileco, Inc. v. Harris Cty. Appraisal Dist.,* 443 S.W.3d 304, 310–11 (Tex.App.–Houston [1st Dist.] 2014, pet. denied).

The parties do not dispute that the Appraisal District properly permitted the changes in the tax rolls under Section 25.25(c); they dispute the effect of those changes.

A Section 25.25(c) correction motion may increase the amount of taxes a taxpayer owes. Section 25.26 establishes the delinquency date of those additional taxes. *See* Tex. Tax Code Ann. § 25.26(a) (West 2015). That section provides that "[t]he pendency of a motion filed under Section 25.25 does not affect the delinquency date for the taxes on the *property* that is the subject of the motion." *Id.* (emphasis added). Thus, the delinquency date remains the same as if the correction motion had never been filed.

Section 25.26(b) explains, "a property owner who files a motion under Section 25.25"—like Mustang—"must pay the amount of taxes due on the portion of the taxable value of the property that is the subject of the motion that is not in dispute before the delinquency date or the property owner forfeits the right to proceed to a final determination of the motion." *Id.* at § 25.26(b). If a property owner pays the undisputed amount of the taxes, Section 25.26(a) provides that the delinquency date for "any additional amount of taxes due on the property is determined in the manner provided by Section 42.42(c) for the determination of the delinquency date for additional taxes finally determined to be due in an appeal under Chapter 42, and that additional amount is not delinquent before that date." *Id.* at § 25.26(a).

Section 42.42(c), in turn, provides that the additional tax is due shortly after receipt of the supplemental bill. *Id.* at § 42.42(c). But that section also provides that the penalties and interest on the additional tax relate back to the original delinquency date: "the property owner is liable for penalties and interest on the tax included in the supplemental bill calculated as provided by Section 33.01 [3] as if the tax included in the supplemental bill became delinquent on the original delinquency date prescribed by Chapter 31." [4] *Id.*

---

correct mathematical errors in computing the tax. *Id.* § 26.15(c) (allowing "[a]t any time ... changes in the tax roll to correct errors in the mathematical computation of a tax"). The error here was not mathematical. Thus, only Section 25.25 is relevant.

3. Section 33.01 provides the interest rate for delinquent taxes and the method of calculating that interest. *Id.* § 33.01.

4. Chapter 31 requires that the tax assessor "prepare and mail a tax bill to each person in whose name the property is listed on the tax roll and to the person's authorized agent."

## C. Taxes owed on "the property"

The School District argues that Mustang owes penalty and interest because, if a correction motion increases the amount due on an *account*, penalties and interest on the entire amount contained in the correction motion begin to accrue from the original delinquency date.

Mustang replies that Section 25.26 of the Tax Code focuses on whether the taxpayer paid the tax on the *property* underlying the dispute. It argues that, because it paid the taxes that were originally due on the underlying inventory by the original delinquency date when it was listed in the business property account, no "additional amount" was due on the property after the transfer.

The statutory text focuses on whether the property owner paid tax on the *property*, not on the account. *See id.* § 25.26(a) (Section 25.25 motion "does not affect the delinquency date for the taxes on the *property* that is the subject of the motion") (emphasis added); *Id.* at § 25.26(b) (property owner must "pay the amount of taxes due on the portion of the taxable value of the *property* that is the subject of the motion that is not in dispute before the delinquency date or the property owner forfeits the right to proceed to a final determination of the motion" and new delinquency date for "any additional amount of taxes due *on the property* is determined in the manner provided by Section 42.42(c)

*Id.* § 31.01(a). Section 31.02 provides that "taxes are due on receipt of the tax bill and are delinquent if not paid before February 1 of the year following the year in which imposed" and provides some exceptions—inapplicable here—to that date. *Id.* at § 31.02. Thus, the "original delinquency date prescribed by Chapter 31" would be February 1st of the year that the property owner originally received its tax bill.

....") (emphasis added). The statute establishes delinquency dates for "property," not for an "account."[5] *See id.* § 25.26.

The School District cites two cases to argue that Mustang owes penalties and interest on the entire amount of the business property account as if the tax on the property had never been paid. But both cases are distinguishable.

*Richardson Independent School District v. GE Capital Corp.* is not analogous because the taxpayer in that case did not pay taxes on the original tax bill by the original due date. 58 S.W.3d 290, 291, 294–95 (Tex.App.–Dallas 2001, no pet.). Similarly, in *Atlantic Shippers of Texas, Inc. v. Jefferson County*, the taxpayer did not "timely protest or otherwise comply with the Tax Code procedures to contest the tax assessments" before the original due date. 363 S.W.3d 276, 283 (Tex.App.–Beaumont 2012, no pet.). Mustang, however, paid taxes on the underlying property and timely filed a correction motion for the disputed taxes. Neither case that the School District cites addresses whether a taxpayer who has paid taxes on the property, but under the wrong account, must pay penalties and interest.

## D. The amount of the penalties and interest

When the Appraisal District granted Mustang's Section 25.25(c) correction motion, two distinct changes occurred

5. The School District cites the Administrative Code to argue that we should focus on whether Mustang owed an additional amount on the business property account. The Administrative Code requires that the tax roll include "the account number of the property." 34 Tex. Admin. Code § 9.3005 (West 2016). But this provision does not address the question before us: whether interest should be charged for additional taxes due on the *account* or whether interest should be charged only if additional taxes are due on the *property*.

in Mustang's taxable property listings. First, the Appraisal District moved property from Mustang's business property account to its dealer account after Mustang already paid taxes on that property before the original delinquency date. Because Mustang paid taxes on the original appraisal amount of the underlying property and the statute focuses on the payment of taxes for property, not for an account, it does not owe penalty and interest on the originally assessed value of the transferred property.[6]

■ The second change that occurred as a result of the correction motion was that the Appraisal District increased the value for the property transferred to the dealer account by about $1.7 million. Mustang had not previously paid taxes for this additional property, which it was obligated to self-report. *See* TEX. TAX CODE ANN. § 22.01(a)(3). Section 25.26(a) governs the delinquency date for the "additional amount of taxes due on the property" and the penalties and interest due on that additional amount. *See id.* § 25.26(a). Section 25.26 states that the delinquency date of such additional taxes is determined by Section 42.42(c). *Id.* Section 42.42(c) provides that, although the additional tax is due shortly after receipt of the supplemental bill, "the property owner is liable for penalties and interest on the tax included in the supplemental bill ... as if the tax included in the supplemental bill became delinquent on the original delinquency date prescribed...." *Id.* at § 42.42(c).

Mustang does not dispute that the taxes on the $1.7 million in increased property value is an "additional amount of taxes due on the property" because it did not pay those taxes originally. Thus, under Section 25.26, which incorporates Section 42.42(c), Mustang owes "penalties and interest ... as if the tax included in the supplemental bill became delinquent on the original delinquency date prescribed...." *Id.*

Mustang argues that the tax on the $1.7 million was not yet "delinquent" because it paid those taxes before the first day of the next month after the date of the mailing that provided it with at least 21 days to pay the additional taxes. *See id.* But Section 25.26 states that, although the taxes are not "delinquent" until the first day of the next month after the date of mailing that provides the taxpayer with 21 days, the penalties and interest accrue from "the *original* delinquency date." *Id.* (emphasis added).

We conclude that the trial court did not err in granting summary judgment finding that Mustang does not owe penalty and interest on the original appraisal amount because Mustang timely paid those taxes under a different account designation. But Mustang owes penalty and interest on the "additional amount" of taxes that it owes because of the property's increased value of $1.7 million.

### Conclusion

We affirm the trial court's order granting summary judgment in part, reverse in part, and remand for calculation of the

---

**6.** The School District also argues that Section 42.09 prohibits Mustang from arguing that it does not owe the taxes on the property. That section states that a "person against whom a suit to collect a delinquent property tax is filed *may* plead as an affirmative defense" that (1) it did not own the property or (2) the "property was not located within the boundaries of the taxing unit...." TEX. TAX CODE ANN. § 42.09. That section, which identifies two affirmative defenses that a taxpayer "may" assert, does not, contrary to the School District's argument, "forbid" a taxpayer from arguing that it paid the taxes on the property.

penalties and interest Mustang owes the School District because of the additional $1.7 million increased value of the property.