**REVERSE and REMAND and Opinion Filed April 21, 2020**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-00185-CV

**AMREIT SSPF PRESTON TOWNE CROSSING LP, AMREIT SSPF PTC ANCHOR LP, AMREIT SSPF BERKELEY LP AND AMREIT SSPF PRESTON GOLD LP, Appellants**

**V.**

**COLLIN CENTRAL APPRAISAL DISTRICT, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-03779-2017**

## MEMORANDUM OPINION
Before Justices Myers, Whitehill, and Pedersen, III
Opinion by Justice Whitehill

In this property tax protest case, the pivotal question is whether a discrepancy in the property's square footage was raised before the appraisal review board and thus among the administrative remedies the protester exhausted such that the trial court had jurisdiction. The trial court concluded that the protester had not fully exhausted its administrative remedies, granted Collin County Appraisal District's (Collin) plea to the jurisdiction in part, and then excluded the protester's expert witness based on this ruling.

In three issues, the protester, Amreit SSPF Town Crossing, LP and related entities (Amreit) argues the trial court erred by (i) granting the plea to the jurisdiction; (ii) striking its expert on the morning of trial; and (iii) denying its oral motion for continuance.

We conclude that the trial court erred by granting the plea to the jurisdiction because the pleadings demonstrate that the square footage issue was evidentiary not jurisdictional and the property valuation using different square footage than what was on the tax rolls was fairly included in the valuation issue raised with the appraisal review board (ARB). Therefore, Amreit exhausted its administrative remedies and the trial court had jurisdiction.

We further conclude that the trial court erred by excluding Amreit's expert because that exclusion was predicated on the court's jurisdictional ruling.

We thus reverse the trial court's judgment and remand for further proceedings consistent with this opinion.[1]

## I. BACKGROUND

Amreit owns real property in Collin County, Texas consisting of three retail shopping centers known as Preston Towne Crossing, Preston Park Gold, and Berkley Square (the Property).

---

[1] Given this disposition, we need not consider Amreit's third issue. *See* TEX. R. APP. P. 47.1

Collin appraised the Property as of January 1, 2017 and notified Amreit of the appraised value. Amreit timely filed a protest with the ARB.

The ARB proceedings are not included in our record. But it is undisputed that the ARB determined the protest by written order and Amreit appealed the order by filing this case.

Amreit's petition states:

Plaintiffs timely filed a Notice of Protest to the ARB. Plaintiffs were granted a protest hearing and presented evidence to the ARB displaying the appraised value of the Property was excessive, unequal and unlawful. The ARB appraised the Property at an amount in excess of the appraised value required by law.

The appraised value of the Property is not equal and uniform compared to the median level of appraisal of similarly situated properties and/or not equal and uniform compared to appropriately adjusted comparable properties in violation of Tex. Tax Code §§ 41.43, 42.26 and Tex. Const. art. 8 §1. The appraised value is not equal and uniform and therefore unequal, excessive and unlawful.

The unequal and unlawful appraised value of the Property causes injury to Plaintiffs by assessing an excessive lien and tax burden on the Property.

Plaintiffs request the Court determine an equal and uniform value for the Property and grant relief to Plaintiffs by reducing the appraised value of the Property pursuant to Tex. Tax Code §§ 42.24 & 42.26.

Collin did not specially except to this pleading.

Amreit designated Stevan Bach as an expert, but the trial court initially struck his reports as untimely. After the case was reset, the court ruled that for purposes of trial efficiency, Bach's reports would be allowed. During this pretrial hearing,

Collin also told the court that some of Amreit's evidence was unnecessary because Collin had stipulated that Amreit had exhausted its administrative remedies.

Despite a scheduling order requiring that dispositive motions be filed and heard thirty days before trial, the night before trial, Collin filed a plea to the jurisdiction. The plea asserted that Amreit failed to exhaust its administrative remedies relating to the proper square footage to be used in deriving a value for the Property. Collin also argued that since Bach relied on the incorrect square footage in forming his opinions, his testimony should not be allowed.

The court considered the plea and the proposed Bach exclusion on the morning of trial. The court concluded that Amreit had not fully exhausted its administrative remedies because it did not challenge the Property's square footage in the ARB protest and granted the plea to the jurisdiction on that issue. The court also excluded Bach because Bach's expert opinions were based on square footage values that were not properly before the court.

After Bach was excluded, Amreit made an oral motion for continuance that the trial court denied. Consequently, Amreit waived a jury trial and made a bill of exception and the parties presented attorney's fees evidence. The trial court entered a final judgment for Collin.

## II. ANALYSIS

**A.    Did the trial court err by granting the plea to the jurisdiction?**

Yes, because the square footage issue was litigated before the ARB.

–4–

Amreit's first issue argues the trial court erred by partially granting the plea to the jurisdiction, arguing that it exhausted its administrative remedies in its ARB protest because the square footage issue was raised during that proceeding. Collin responds that the ARB protest did not include the Property's square footage and Amreit's failure to exhaust its administrative remedies on that issue deprived the court of jurisdiction to consider anything concerning square footage other than what was on the official tax rolls.

A plea to the jurisdiction challenges a trial court's authority to decide the subject matter of a specific cause of action. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). The plaintiff has the initial burden of alleging facts that would affirmatively demonstrate the trial court's jurisdiction to hear the cause. *Id.* at 226. Whether a court has subject matter jurisdiction is a matter of law that we review de novo. *Miranda*, 133 S.W.3d at 226.

In reviewing a grant or denial of a plea to the jurisdiction, the court determines whether the plaintiff's pleadings, construed in the plaintiff's favor, allege sufficient facts affirmatively demonstrating the court's jurisdiction to hear the case. *Id.*

Evidence relevant to the jurisdictional issue can be introduced and considered at the plea to the jurisdiction stage if needed to determine jurisdiction. *Id.* at 227.

The plea to the jurisdiction must be granted if the plaintiff's pleadings affirmatively negate the existence of jurisdiction or if the defendant presents

undisputed evidence that negates the existence of the court's jurisdiction. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012).

Amreit's filed its ARB protest under Tax Code §§ 42.24 and 42.26 and the Texas Constitution article 8, section 1. *See* TEX. TAX CODE §§ 42.24, 42.26; TEX. CONST. art. 8, §1, 20. The Tax Code "vests appraisal review boards with exclusive jurisdiction to decide protests and challenges as permitted under chapters 41 and 42." *City of Austin v. Travis Cent. Appraisal Dist.*, 506 S.W.3d 607, 618 (Tex. App.—Austin 2016, no pet.). The procedures prescribed by the Tax Code for adjudication of the grounds of protest authorized by that statute are exclusive. *Harris County Appraisal Dist. v. ETC Mktg., Ltd.*, 399 S.W.3d 364, 366–67 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).

This administrative review process is intended to "resolve the majority of tax protests at this level, thereby relieving the burden on the court system." *Webb Cnty. Appraisal Dist. v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 954 (Tex. 1990) (citing *Dall. Cnty. Appraisal Dist. v. Lal*, 701 S.W.2d 44, 47 (Tex. App.—Dallas 1985, writ ref'd n.r.e.)). Thus, taxpayers are required to exhaust administrative remedies before challenging a tax assessment. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002).

Although the district court's review is de novo, its jurisdiction is still appellate in nature and depends on the issue having been raised with the appraisal review board. *ETC Mktg., Ltd.*, 399 S.W.3d at 371.

–6–

A litigant's failure to exhaust administrative remedies before seeking judicial review deprives the court of subject matter jurisdiction and the court must dismiss such claims with prejudice. *MAG-T, L.P. v. Travis Cent. Appraisal Dist.*, 161 S.W.3d 617, 624 (Tex. App.—Austin 2005, pet. denied).

The Tax Code allows property owners to protest (i) a determination of the appraised value of the owner's property; (ii) an unequal appraisal of the owner's property; or (iii) any other action of the chief appraiser, appraisal district, or appraisal review board that applies to and adversely affects the property owner. *See* TEX. TAX CODE § 41.41 (a). Here, Amreit asserted that the Property had been unequally appraised.

A property is unequally appraised if "the appraised value of the property exceeds the median appraised value of a reasonable number of comparable properties appropriately adjusted." *Id.* § 42.46. To perform a calculation under § 42.46, "the appraisal expert determines a reasonable number of comparable properties . . . takes the appraised value of those properties from the public record, and appropriately adjusts them to the subject property." *Weingarten Realty Inv'rs v. Harris Cnty. Appraisal Dist.*, 93 S.W.3d 280, 286 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Then, a median is determined from those "appropriately adjusted properties." *Id.*

The foundational data and values for the comparables come from the appraisal district's public records; independent verification of the data is not required. *See*

*Harris Cnty. Appraisal Dist. v. Kempwood Plaza, Ltd.*, 186 S.W.3d 155, 160 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Collin relies on *Harris Cnty. Appraisal Dist. v. United Investors Realty Trust*, 47 S.W.3d 648, 653 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) to argue that when calculating an equal and uniform value for a property, an appraiser is **limited** to the **appraised value and size** of the property as listed on the tax roll. (Emphasis added). This reliance is misplaced.

In *United Investors*, the court considered, among other things, whether Tax Code § 42.26 should be interpreted to require comparisons of appraised values to actual market value. *Id*. at 651. In concluding that the statute does not require such comparison, the court compared § 42.26(a) to § 42.26(d). *Id*. at 651. In this regard, the court noted that § 42.26(a) requires a taxpayer to obtain an independent appraisal of the market value of a representative sample of other properties. *Id*. Conversely, § 42.26(d) does not require independent appraisals of all or some of the properties in the district. *Id*. Instead, it requires only a comparison of the appraised value of the property at issue with "comparable properties appropriately adjusted." *Id*. Accordingly, the court concluded that § 42.26(d) allows a protest without proof of comparable properties' market value because "the tax [rolls] can be used to determine value; the only independent analysis required is in adjusting the appraised values to put the properties on equal footing."

Contrary to Collin's suggestion, the *United Investors* court said nothing about a property's size. Rather, it said that the tax rolls *may* be used for value. More important, Collin's argument ignores what the *United Investors* court recognized, and the statute requires—that is, that the values on the tax rolls be "appropriately adjusted." The statute provides no instruction concerning the nature of an "appropriate adjustment," leaving that to an appraiser's discretion and expertise.

Here, both Bach and Collin's expert employed the same methods and virtually identical comparables, but Bach adjusted his values based on a net rentable area different from the tax rolls. Collin cites to no authority, nor have we found any, providing that such an adjustment is not allowed or appropriate. But even if it is not appropriate, there is nothing to suggest that it equates to a jurisdictional defect.

Moreover, there is nothing in Amreit's pleadings or briefs to support the proposition that the square footage discrepancy was a stand-alone issue per se. Instead, Amreit's expert used adjusted square footage amounts in making his value calculations. Whether a property owner might specifically protest to the ARB that the square footage was incorrectly assessed, that is not this case.

Collin's reliance on *Atlantic Shippers of Texas, Inc. v. Jefferson County*, 363 S.W.3d 276, 284 (Tex. App.—Beaumont 2012, no pet.) is also unpersuasive. In that case, the court held that Atlantic's claim concerning the county's incorrect square footage calculation was not subsumed in its constitutional claim and therefore

Atlantic failed to exhaust its administrative remedies. *Id.* Significantly, however, Atlantic had not filed a protest at all.

In contrast, Amreit filed a protest challenging value. Its pleading shows that the issue is one of unequal and uniform value and asserts that the Property's value is not "equal and uniform compared to appropriately adjusted comparable properties." The petition further asserts that Amreit presented evidence to the ARB that the appraised value was excessive, unequal, and unlawful and the ARB appraised the Property "at an amount in excess of the appraised value required by law." These facts affirmatively demonstrate the trial court's jurisdiction over the ARB's valuation of the Property. *See Miranda*, 133 S.W.3d at 225–226.

During the hearing on Collin's plea, Amreit introduced evidence showing that the rent roll adjustments had been presented to the ARB. Collin's counsel admitted that he was not present at the ARB hearing and had no personal knowledge of what was protested or presented. And neither Collin's general denial nor its subsequent plea to the jurisdiction assert any facts that negate the existence of the court's jurisdiction.[2] *See generally*, *Heckman*, 369 S.W.3d at 150.

Thus, on these facts, Amreit demonstrated, and Collin did not negate, the trial court's jurisdiction over determining the Property's value. Bach's square footage

---

[2] Collin's plea to the jurisdiction makes the same legal arguments concerning square footage that Collin makes here, and further asserts that Bach's opinions are a backdoor challenge to the Property's square footage.

adjustments are part of his expert opinion concerning that valuation. Whether such adjustments were reasonable or appropriate may have been an evidentiary weight question, but it was not jurisdictional.

Accordingly, we sustain Amreit's first issue.

**B.    Did the court abuse its discretion by striking Amreit's expert?**

Amreit's second issue argues that the trial court erred by excluding Bach. Because the sole basis for this exclusion was predicated on the court's determination that it lacked jurisdiction over anything concerning the Property's square footage, we agree.

Although Collin now argues that Bach's testimony was irrelevant and unreliable, the sole basis upon which Collin moved for Bach's exclusion in the court below was his square footage adjustment "contrary to the tax roll." To this end, Collin argued that because the "issue of a purported discrepancy in the property's square footage was not raised at the administrative level, this Court is without subject matter jurisdiction" and because "all of Mr. Bach's opinions . . . are predicated upon this purported square footage discrepancy for which no jurisdiction lies, he should not be permitted to provide any expert testimony at the trial of this case."

The trial court is charged with making the initial determination about whether an expert's testimony is relevant and reliable. *See TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 234 (Tex. 2010). But here, the record reflects that the sole basis for Bach's exclusion was the court's determination that the square footage discrepancy

was not part of the valuation issue. Indeed, the court started the hearing by stating, "We aren't going do backdoor an argument about size." And the remainder of the judge's comments demonstrate that the square footage/jurisdiction analysis remained her focus. Thus, there is no relevance or reliability determination for us to review.

We have concluded that the square footage adjustment did not deprive the court of jurisdiction. Therefore, the trial court erred by excluding Bach on this basis.

Therefore, we sustain Amreit's second issue.

### III. CONCLUSION

We sustain Amreit's first two issues, reverse the trial court's judgment, and remand for further proceedings consistent with this opinion.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

190185F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AMREIT SSPF PRESTON TOWNE
CROSSING LP, AMREIT SSPF
PTC ANCHOR LP, AMREIT SSPF
BERKELEY LP AND AMREIT
SSPF PRESTON GOLD LP,
Appellants

No. 05-19-00185-CV        V.

COLLIN CENTRAL APPRAISAL
DISTRICT, Appellee

On Appeal from the 416th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 416-03779-
2017.
Opinion delivered by Justice
Whitehill. Justices Myers and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant AMREIT SSPF PRESTON TOWNE CROSSING LP, AMREIT SSPF PTC ANCHOR LP, AMREIT SSPF BERKELEY LP AND AMREIT SSPF PRESTON GOLD LP recover the costs of this appeal from appellee COLLIN CENTRAL APPRAISAL DISTRICT.

Judgment entered April 21, 2020

–13–